# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | 8:10CR118 |
| vs.  ) | |
| ) | MEMORANDUM AND ORDER |
| JEFFRY M. AHLM,  ) | |
| ) | |
| Defendant.  ) | |

    This matter is before the court on the government's motion (Doc. 51) to continue the suppression hearing now set for September 2, 2010.  Defendant objects.  (Doc. 53).

    Defendant alleges that law enforcement officers contacted the defendant's mother and asked for her permission to remove two computers, owned and used exclusively by the defendant, from her residence so the officers could conduct a preview of the computers to determine the presence of child pornography.  The officers reported that defendant's mother consented to their request to remove and search the computers. Defendant's Motion to Suppress (Doc. 16, filed 5/28/2010) and Amended Motion to Suppress (Doc. 43, filed 8/9/2010) alleged that the evidence seized should be suppressed because (1) defendant's mother did not consent, but merely acquiesced to a show of authority, intimidation, misrepresentation, promises and/or threats by the officers; and (2) defendant's mother did not have authority to consent to a search of the computers.

    The motion was originally set for hearing on June 25, 2010.  At the government's request, due to the unavailability of its witness, Agent Holliday, the suppression hearing was continued to July 28, 2010.

    The suppression hearing did not conclude on July 28, 2010 and was continued to August 5, 2010, at which time the defendant's mother, Barbara M. Ahlm, testified for the defendant.  The defendant was ordered to file an amended motion by August 9, 2010 and the suppression hearing was continued to September 2, 2010.

    In response to Ms. Ahlm's testimony, which controverts that of Agent Holliday, the government intends to call Agent Jennifer Sosa, who was present throughout the entire encounter with Barbara Ahlm.  Agent Sosa is an agent with the Department of Homeland Security, Office of the Inspector General, and is assigned to the New Orleans, Louisiana office.

Agent Sosa is pregnant and was hospitalized on August 9, 2010 after traveling to Dallas, Texas, on government business. At the Emergency Room, she was diagnosed with severe Hyperemsis which was complicated by travel. Agent Sosa's physician has ordered her to avoid traveling to ensure her pregnancy is not further imperiled. Agent Sosa will have her baby in January 2011, and expects to take four to six weeks of Family Leave after delivery.

The parameters for a claim of Sixth Amendment post-indictment delay were addressed in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Doggett v. United States*, 505 U.S. 647 (1992). In *Barker v. Wingo*, the Court devised a four-part balancing test to determine whether there has been a due process violation of the defendant's constitutional right to a speedy trial. *See United States v. Lewis*, 759 F.2d 1316, 1351 n.16 (8th Cir.), *cert. denied*, 474 U.S. 994 (1985); *United States v. Jones*, 23 F.3d 1407, 1408 (8th Cir. 1994). The four *Barker* factors, as described in *Doggett*, are: "[1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result." *Doggett*, 505 U.S. at 651 (citing *Barker*, 407 U.S. at 530).

Defendant contends that the government's request for a continuance should be denied as untimely and unreasonable because the United States should have arranged for the testimony of necessary witnesses prior to the commencement of the hearing on July 28, 2010. While it is true that the issues related to Barbara Ahlm's consent were raised as early as May 28, 2010, the need for Agent Sosa's testimony did not arise until after Barbara Ahlm testified on August 5, 2010. At this time, Agent Sosa cannot travel from New Orleans to Omaha without disregarding her physician's advice and endangering her pregnancy.

Considering the *Barker* factors, the court notes that the defendant is in custody, and a lengthy continuance is requested. The defendant, however, has shown no specific prejudice to his defense due to any delay in concluding this suppression hearing and in bringing him to trial. Therefore,

**IT IS ORDERED** that the government's Motion to Continue Hearing (Doc. 51) is granted. The September 2, 2010 suppression hearing is continued to a date to be set by further order of the court.

**DATED August 27, 2010.**

                                             **BY THE COURT:**

                                             s/ F.A. Gossett
                                             **United States Magistrate Judge**